472 So.2d 486 (1985)
AUTO OWNERS INSURANCE COMPANY, Appellant,
v.
Rocco SALVIA, Appellee.
No. 84-1278.
District Court of Appeal of Florida, Fifth District.
June 6, 1985.
Rehearing Denied July 16, 1985.
*487 Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellant.
Reinald Werrenrath, III, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
COBB, Chief Judge.
This is an appeal by Auto Owners Insurance Company (Auto Owners) from a lower court order granting partial summary judgment in favor of the appellee, Salvia. The order was based on the trial court's finding that Auto Owners was precluded from asserting any coverage defenses to Salvia's claim under his insurance policy, because of Auto Owners' failure to comply with section 627.426(2), Florida Statutes (1983).
Salvia purchased a liability policy in 1982 to insure his Aamco Transmission business. In August of 1983, Salvia was named as a defendant in an action based on the malfunctioning of an automatic transmission repaired by Salvia. The sole issue on this appeal is whether the trial court was correct in determining that Auto Owners failed to comply with section 627.426(2).
Section 627.426(2) reads as follows:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within thirty days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within sixty days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than thirty days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a non-waiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insured during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.
By certified mail, in a letter dated September 20, 1983, Auto Owners advised Salvia that it was reserving all rights to deny coverage, and that the company had retained an attorney for Salvia's defense in the lawsuit. The letter stated that the attorney would defend him in the main action, but would not defend him in Auto Owners' cross-claim for a declaratory judgment based on a coverage defense. Salvia's personal attorney advised Auto Owners *488 by a letter dated October 26, 1983, that the attorney selected by Auto Owners was unacceptable to Salvia, primarily because that attorney was not authorized to defend Salvia on the declaratory judgment action brought by Auto Owners against Salvia. On November 23, 1983, Auto Owners moved to compel designation of counsel on the ground that Salvia was wrongfully withholding approval of the appointed counsel. The trial judge declared this motion moot. Thereafter, Salvia moved for partial summary judgment, alleging that Auto Owners failed to comply with section 627.426(2)(b).
According to section 627.426(2)(b), Auto Owners was required to choose one of three alternatives by November 20, 1983, which was sixty days after the issuance of the letter to Salvia declaring that Auto Owners was reserving its right to assert a coverage defense. By November 20, Auto Owners had not chosen any of the three alternatives. On November 23, Auto Owners did file a motion to designate counsel, but such an action is not contemplated under section 627.426(2)(b).
The appellant claims that strict compliance with the statute, specifically that portion requiring the retention of "mutually agreeable" counsel, was made impossible due to Salvia's unreasonable refusal to accept the attorney Auto Owners chose for him. What the appellant's argument overlooks is that the statute provides other options aside from the retention of mutually agreeable counsel. Auto Owners could have chosen the first alternative under section 627.426(2)(b), and given written notice to Salvia of its refusal to defend him by November 20, 1983. Because Auto Owners did not choose this alternative within the designated time period, the trial court's order granting partial summary judgment to Salvia based on Auto Owners' failure to comply with the statute is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.