536 So.2d 193 (1988)
In re MEDICAL MALPRACTICE PRESUIT SCREENING RULES  CIVIL RULES OF PROCEDURE.
No. 71672.
Supreme Court of Florida.
September 29, 1988.
Revisions Approved December 30, 1988.
Henry Latimer, Chairman, of Fine, Jacobson, Schwartz, Nash, Block & England, Fort Lauderdale, Wilfred C. Varn of Ervin, Varn, Jacobs, Odom & Kitchen, and John F. Harkness, Jr., Executive Director, Tallahassee, for The Civil Rules Committee of The Florida Bar, petitioner.

REVISED OPINION
PER CURIAM.
The Civil Rules Committee of The Florida Bar has proposed the appended "Florida Medical Malpractice Presuit Screening Rules" which apply to the procedures prescribed by Section 768.57, Florida Statutes (Supp. 1986). After full consideration of the recommendations of the Civil Rules Committee and the comments of interested members of the Bar, we adopt the proposed rule, which will become effective upon the filing of this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

APPENDIX
 RULE 1.650. MEDICAL MALPRACTICE
 PRESUIT SCREENING RULE
 (a) Scope of Rule. This rule applies only to the procedures
prescribed by Section 768.57, Florida Statutes, for presuit
screening of claims for medical malpractice.
 (b) Notice.
 (1) Notice of intent to initiate litigation sent by certified
mail to and received by any prospective defendant shall operate
as notice to the person and any other prospective defendant who
bears a legal relationship to the prospective defendant receiving
the notice. The notice shall make the recipient a party to the
proceeding under this rule.
 (2) The notice shall include the names and addresses of all
other parties and shall be sent to each party.
*194 (3) The court shall decide the issue of receipt of notice when
raised in a motion to dismiss or to abate an action for medical
malpractice.
 (c) Discovery.
 (1) Types. Upon receipt by a prospective defendant of a notice
of intent to initiate litigation, the parties may obtain presuit
screening discovery by one or more of the following methods:
unsworn statements upon oral examination; production of documents
or things; and physical examinations. Unless otherwise provided
in this rule, the parties shall make discoverable information
available without formal discovery. Evidence of failure to comply
with this rule may be grounds for dismissal of claims or defenses
ultimately asserted.
 (2) Procedures for Conducting.
 (A) Unsworn statements  The parties may require other parties
to appear for the taking of an unsworn statement. The statements
shall only be used for the purpose of presuit screening and are
not discoverable or admissible in any civil action for any
purpose by any party. A party desiring to take the unsworn
statement of any party shall give reasonable notice in writing to
all parties. The notice shall state the time and place for taking
the statement and the name and address of the party to be
examined. Unless otherwise impractical, the examination of any
party shall be done at the same time by all other parties. Any
party may be represented by an attorney at the taking of an
unsworn statement. Statements may be electronically or
stenographically recorded, or recorded on video tape. The taking
of unsworn statements is subject to the provisions of Rule
1.310(d) and may be terminated for abuses. If abuses occur, the
abuses shall be evidence of failure of that party to comply with
the good faith requirements of Section 768.57, Florida Statutes.
 (B) Documents or things  At any time after receipt by a party
of a notice of intent to initiate litigation, a party may request
discoverable documents or things. The documents or things shall
be produced at the expense of the requesting party within 20 days
of the date of receipt of the request. A party is required to
produce discoverable documents or things within that party's
possession or control. Copies of documents produced in response
to the request of any party shall be served on all other parties.
The party serving the documents shall list the name and address
of the parties upon whom the documents were served, the date of
service, the manner of service, and the identify of the document
served in the certificate of service. Failure of a party to
comply with the above time limits shall not relieve that party of
its obligation under the statute but shall be evidence of failure
of that party to comply with the good faith requirements of
Section 768.57, Florida Statutes.
 (C) Physical examinations  Upon receipt by a party of a notice
of intent to initiate litigation and within the presuit screening
period, a party may require a claimant to submit to a physical
examination. The party shall give reasonable notice in writing to
all parties of the time and place of the examination. Unless
otherwise impractical, a claimant shall be required to submit to
only one examination on behalf of all parties. The practicality
of a single examination shall be determined by the nature of the
claimant's condition as it relates to the potential liability of
each party. The report of examination shall be made available to
all parties upon payment of the reasonable cost of reproduction.
The report shall not be provided to any person not a party at any
time. The report shall only be used for the purpose of presuit
screening and the examining physician may not testify concerning
the examination in any subsequent civil action. All requests for
physical examinations or notices of unsworn statements shall be
in writing and a copy shall be served upon all parties. The
requests or notices shall bear a certificate of service
identifying the name and address of the person upon whom the
request or notice is served, the date of the request or notice,
and the manner of service.
 (3) Work Product. Work product generated by the presuit
screening process that is subject to exclusion in a subsequent
proceeding is limited to verbal or written communications
*195 that originate pursuant to the presuit screening process.
 (d) Time Requirements.
 (1) The Notice of Intent to Initiate Litigation shall be served
by certified mail, return receipt requested, prior to the
expiration of any applicable statute of limitations. If an
extension has been granted under Section 768.495(2), Florida
Statutes, or by agreement of the parties, the notice shall be
served within the extended period.
 (2) The action may not be filed against any defendant until 90
days after the Notice of Intent to Initiate Litigation was mailed
to that party. If the defendant is the State or any subdivision
subject to Section 768.29(6)(a), Florida Statutes, the action may
not be filed against that defendant until 180 days after the
Notice of Intent to Initiate Litigation was mailed to that party.
The action may be filed against any party at any time after the
Notice of Intent to Initiate Litigation has been mailed after the
claimant has received a written rejection of the claim from that
party.
 (3) To avoid being barred by the applicable statute of
limitations, an action must be filed within 60 days or within the
remainder of the time of the statute of limitations after the
Notice of Intent to Initiate Litigation was mailed, whichever is
longer, after the earliest of the following:
 (A) The expiration of 90 days after the date of mailing of the
Notice of Intent to Initiate Litigation; or
 (B) The expiration of 180 days after mailing of the Notice of
Intent to Initiate Litigation if the claim is controlled by
Section 768.28(6)(a), Florida Statutes; or
 (C) Receipt by claimant of a written rejection of the claim; or
 (D) The expiration of any extension of the 90-day presuit
screening period stipulated to by the parties in accordance with
Section 768.57(4), Florida Statutes.