542 So.2d 1030 (1989)
The PHOENIX INSURANCE COMPANY, Appellant,
v.
Kathleen B. McCORMICK AND Richard McCormick, Her Husband, Appellees.
No. 88-02154.
District Court of Appeal of Florida, Second District.
April 7, 1989.
Rehearing Denied May 15, 1989.
Raymond T. Elligett, Jr., and Lee Delton Gunn, IV, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
James E. Deakyne, Jr., of Nunez & Deakyne, St. Petersburg, for appellees.
ALTENBERND, Judge.
The Phoenix Insurance Company appeals a final summary judgment which awards damages to Kathleen B. McCormick and Richard McCormick under their liability insurance coverage because Phoenix failed to comply with the Claims Administration Statute, section 627.426, Florida Statutes (1985). Since the McCormicks and their attorney had actual written notice of the denial of coverage by Phoenix and the reasons for that denial within thirty days of *1031 the insurer's receipt of the claim, we reverse.
The McCormicks own a winter home in St. Petersburg, Florida. When they purchased the home in 1980, according to a statement given by Mr. McCormick to Phoenix, a Mother's Tongue tree was growing near their property line. They understood that this tree had been planted by the prior owner of their house. Because the tree required constant maintenance, the McCormicks hired a tree service to remove the tree. The tree was removed in May 1987.
Shortly after the tree was removed, the McCormicks' neighbors protested and claimed that it was their tree. On June 8, 1987, the neighbors sued Mr. and Mrs. McCormick in the small claims division of county court. The statement of claim simply alleges:
Defendants Richard & Kathleen McCormick hired Defendant William B. Carroll to come onto Plaintiff's property and cut down a large shade tree that was clearly inside Plaintiff's property with neither Plaintiff's knowledge or permission, knowing that Plaintiffs would not be home at that particular time.
The county court action was served on Mr. and Mrs. McCormick in Pinellas County on June 17, 1987. The summons notified them that the first county court hearing would occur on July 15, 1987.
The McCormicks immediately sent the lawsuit to Phoenix, the insurance carrier that provided their homeowners liability coverage. On June 24, 1987, Mr. McCormick gave a recorded statement to Phoenix providing the information described in this opinion.
The homeowners insurance policy contained a standard exclusion for "property damage expected or intended by an insured." On July 9, 1987, the claims supervisor at Phoenix called the McCormicks and advised them that the insurance company would not handle the claim because of the exclusion. On July 10, this information was reconfirmed over the telephone, and the insurance company mailed a letter to Mr. McCormick advising that the insurance company was "unable to defend you" in the county court action because the removal of the tree was "an intentional act on your part and the damages were not accidental." It is undisputed that Mr. and Mrs. McCormick actually received the letter on July 13, 1987. The McCormicks hired an attorney to represent them on July 10, 1987. The insurance company communicated with him over the telephone and also sent him a copy of the letter denying coverage. The McCormicks' attorney represented them at the hearing on July 17, 1987, and ultimately at the trial. The county court entered judgment against the McCormicks for $934.09.
Section 627.426(2)(a), Florida Statutes (1985), states:
A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery.
Likewise, section 627.426(2)(b)1, Florida Statutes (1985), requires that the insurance carrier's refusal to defend the insured be provided by registered or certified mail. The trial court believed that strict compliance with the statute was required in light of the Fifth District's decision in Auto Owners Ins. Co. v. Salvia, 472 So.2d 486 (Fla. 5th DCA 1985). Thus, the trial court held that the insurance company was estopped to deny coverage to the McCormicks because the notice the McCormicks actually received was not sent by registered or certified mail and was delivered by the hand of a mailman rather than an insurance agent.
At least two federal district courts have rejected the requirement of strict compliance when insureds have received actual notice on a timely basis. Pepper's Steel & Alloys, Inc. v. U.S. Fidelity & Guar. Co., 668 F. Supp. 1541 (S.D.Fla. 1987); Lazzara Oil Co. v. Columbia Cas. Co., 683 F. Supp. 777 (M.D.Fla. 1988). As the district court in Pepper's Steel stated:

*1032 Without defining the outer parameters of the statute, and while recognizing that at least one court addressing the statute has strictly construed it, Auto Owners Insurance Co. v. Salvia, 472 So.2d 486 (Fla. Dist. Ct. App. 1985), this Court holds that, on the facts of this case, where Plaintiffs concede actual notice within the meaning of the statute although not in strict compliance with it, it has been complied with. Insofar as the Plaintiffs were on actual notice, this Court feels comfortable that its decision comports with due process and that the legislative intent embodied in the notice requirements of the statute has been effectuated.
Pepper's Steel, 668 F. Supp. at 1544.
This court agrees. This is not a case in which the insurance company's notice is untimely. In the Salvia case, the insurance carrier did not make a timely decision concerning the duty of defense. It is unclear from that opinion whether the court required strict compliance with the statute or whether that was simply an argument made by one of the parties. While an insured could easily be prejudiced by an insurance carrier's delay in determining its duty of defense, no prejudice results from a notice actually delivered by one method rather than another. The statutory language concerning notice by certified mail, registered mail, or hand delivery eliminates problems in proving that the insured received actual notice. When the insured admits actual notice, however, strict compliance is not required. The statute would allow an insurance carrier to properly deny coverage by certified letter sent to the last known address of the insured, even if the insured did not actually receive the notice. We will not interpret the statute to permit a denial of coverage upon constructive notice and to preclude such a denial on actual notice. A similar requirement for notice by certified or registered mail concerning mechanics' liens is ineffective in cases where the owner receives actual notice by regular mail. Blosam Contractors, Inc. v. Joyce, 451 So.2d 545 (Fla. 2d DCA 1984); Bowen v. Merlo, 353 So.2d 668 (Fla. 1st DCA 1978).
We are not unmindful of the rules of statutory construction which prevent judicial interpretation of clear and unambiguous statutory language. A literal interpretation of statutory language, however, is not required when it would lead to an unreasonable or ridiculous conclusion and there are cogent reasons for believing that the letter of the law does not accurately disclose the legislative intent. Holly v. Auld, 450 So.2d 217 (Fla. 1984). We do not believe that the above-quoted language of section 627.426(2), Florida Statutes (1987), requires that actual notice be provided exclusively by the described methods. Such an interpretation would lead to a ridiculous conclusion and would require that the legislature intended to elevate pure form over the substance of the problem.
A careful reader may wonder whether the exclusion in the insurance policy is sufficient to preclude a duty of defense under the allegations in the statement of claim and whether the exclusion effectively precludes coverage for this claim. Those issues have been raised but not resolved in the trial court. We express no opinion on those unresolved issues.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, C.J., and DANAHY, J., concur.