PARKER, Judge.
This case is before this court a second time after we relinquished jurisdiction in an earlier opinion[1] to permit the parties to obtain an appealable final order. In this appeal, Michael J. Miceli, the plaintiff in the trial court, cross-appeals an amendment to final judgment entered after the trial court granted a motion for partial summary judgment on counts III and IV of Mice-li’s complaint in favor of L & F Partners, Ltd., Gerald L. Coen, and David F. Sweeney, the defendants in the trial court.
Miceli brought both counts III and IV pursuant to section 68.065, Florida Statutes (1987).[2] Miceli stated in an affidavit that he delivered to defendants by certified mail, return receipt requested, the statutory written demands to pay the dishonored checks and that the defendants refused to claim the letters. The defendants do not controvert these facts. Although the record is unclear, the parties concede that the basis for the trial court’s ruling on partial summary judgment in favor of the defendants was that Miceli did not have signed receipts from the defendants evidencing receipt of the written demands.
This appears to be a case of first impression in Florida. Miceli mailed the statutory notices to the defendants at the addresses *1229 which the contracts state that notices should be sent. It is an unreasonable interpretation of the statute to prevent a person from prevailing on a claim brought pursuant to section 68.065 because of the other person’s refusal to claim the notice. To allow that interpretation to stand would defeat any legitimate worthless check claim where a defendant refused to sign the postal receipt. The statute does not require a signed return receipt. The words, “evidenced by return receipt,” are not intended to require a signed receipt but only to define the type of service which must be used under this provision, i.e., some type of personal delivery beyond the regular mail service.
We reverse the final judgment entered against Miceli and in favor of the defendants as to counts III and IV of Miceli’s complaint and remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, C.J., and RYDER, J., concur.

. See L & F Partners, Ltd. v. Miceli, 555 So.2d 1283 (Fla. 2d DCA 1990).

. Section 68.065 provides, in relevant part:
Actions to collect worthless checks, drafts, or orders of payment; attorney’s fees and collection costs.—
(1) In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds, credit, or an account, ánd where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefor, as provided in subsection (3), the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing. However, in no case shall the liability for damages be less than |50. The maker or drawer shall also be liable for any court costs and reasonable attorney fees incurred by the payee in taking the action. Criminal sanctions, as provided in s. 832.07 may be applicable.
(2) The payee may also charge the maker or drawer of the check, draft, or order of payment a service charge not to exceed $10 or 5 percent of the face amount of the instrument, whichever is greater, when making written demand for payment. In the event that a judgment or decree is rendered, interest at the rate and in the manner described in s. 55.03 may be added toward the total amount due. Any bank fees incurred by the payee may be charged to the maker or drawer of the check, draft, or order of payment.
(3)Before recovery under subsection (1) or subsection (2) may be claimed, a written demand shall be delivered by certified or registered mail, evidenced by return receipt, to the maker of the drawer of the check, draft, or order of payment. The form of such notice shall be substantially as follows:
"You are hereby notified that a check numbered _ issued by you on (date), drawn upon (name of bank), and payable to _, has been dishonored. Pursuant to Florida law, you have 30 days from receipt of this notice to tender payment in cash of the full amount of the check plus a service charge of $10 or 5 percent of the face amount of the check, whichever is greater, the total amount due being $_and_cents. Unless this amount is paid in full within the 30-day period, the holder of the check or instrument may file a civil action against you for three times the amount of the check, but in no case less than $50 or more than $2500, in addition to the payment of the check plus any court costs, reasonable attorney fees, and any bank fees incurred by the payee in taking the action.”
§ 68.065(1)-(3), Fla.Stat. (1987).