BLUE, Judge.
John R. Patry and Linda J. Patry, individually and as mother and father and next friends of Chad M. Patry, a minor (Patry), contend the trial court erred in dismissing their medical malpractice lawsuit against William L. Capps, M.D. and William L. Capps, M.D., P.A. (Capps) for Patry’s failure to comply with the notice requirements of section 766.106, Florida Statutes (1991). We regret the harshness of the result in this case, but we are compelled by precedent to affirm.
It is undisputed that Patry did not give notice of intent to initiate litigation for medical malpractice by certified mail, return receipt requested, as provided in section 766.106. Instead, actual written notice was delivered to Capps. This court held that notice sent by regular (non-certified) mail was insufficient for compliance with the statute. Solimando v. Int’l Med. Centers, 544 So.2d 1031 (Fla. 2d DCA 1989), review dismissed, 549 So.2d 1013 (Fla.1989). Actual oral notice has also been held inadequate under the statute. Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA 1988). Based on the foregoing precedent, we are unable to do other than conclude that delivery of written notice fails to comply with the statutory requirements.
Additionally Patry seeks relief on authority of Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991). The facts in the record before us do not provide a basis for estoppel or waiver as set forth in Ingersoll. Accordingly we affirm.
PARKER, A.C.J., concurs specially.
ALTENBERND, J., dissents with opinion.