633 So.2d 9 (1994)
John R. PATRY, Petitioner,
v.
William L. CAPPS, M.D., et al., Respondents.
No. 81963.
Supreme Court of Florida.
March 10, 1994.
*10 Roy D. Wasson, Miami, Richard A. Bokor, Tampa, and Mark Lipinski, P.A., Bradenton, for petitioners.
Ted R. Manry, III and Stephen H. Sears of Macfarlane & Ferguson, Tampa, for respondents.
Loren E. Levy, Tallahassee, amicus curiae for The Academy of Florida Trial Lawyers.
KOGAN, Justice.
We have for review Patry v. Capps, 618 So.2d 261 (Fla.2d DCA 1993), in which the Second District Court of Appeal certified the following question as being of great public importance:
WHETHER THE REQUIREMENT IN A MEDICAL MALPRACTICE ACTION THAT NOTICE BE GIVEN BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, IS (1) A SUBSTANTIVE ELEMENT OF THE STATUTORY TORT, OR (2) A PROCEDURAL REQUIREMENT THAT CAN BE DISREGARDED BY THE TRIAL COURT WHEN THE DEFENDANT RECEIVES ACTUAL WRITTEN NOTICE IN A TIMELY MANNER THAT RESULTS IN NO PREJUDICE.
618 So.2d at 265-66 (Altenbernd, J., dissenting); Patry v. Capps, No. 91-04193 (Fla.2d DCA Order on Motion for Certification May 25, 1993). We have jurisdiction[1] and answer the question as rephrased below in the affirmative:
WHETHER THE ACKNOWLEDGED RECEIPT OF TIMELY WRITTEN NOTICE OF INTENT TO INITIATE LITIGATION FOR MEDICAL MALPRACTICE THAT RESULTS IN NO PREJUDICE TO THE DEFENDANT IS SUFFICIENT NOTICE UNDER SECTION 768.57(2), FLORIDA STATUTES (1987) (CURRENT SECTION 766.106(2), FLORIDA STATUTES (1993)).
The Patrys, individually and as mother and father and next friends of Chad M. Patry, a minor, brought a medical malpractice action against Dr. William L. Capps. Chad, who was born in 1988, suffers from cerebral palsy and quadriplegia. The Patrys allege that Chad's condition was caused by Dr. Capps' negligence in delivering the child by Caesarian section. The action against Dr. Capps was dismissed because the Patrys failed to strictly comply with the mode of service provided in section 768.57(2), Florida Statutes (1987).[2] It is undisputed that Dr. Capps was served with the Patrys' intent to initiate litigation by hand delivery rather than by certified *11 mail, return receipt requested, as provided in the statute.
On appeal, the district court recognized the harshness of requiring strict compliance with the mode of service provided by the Legislature but felt compelled by precedent to affirm the dismissal. See Solimando v. International Med Centers, 544 So.2d 1031 (Fla.2d DCA) (notice sent by regular mail insufficient under section 768.57(2)), review dismissed, 549 So.2d 1013 (Fla. 1989); Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA) (only written notice by certified mail, return receipt requested, sufficient under section 768.57(2)), review denied 534 So.2d 399 (Fla. 1988). The court below also rejected the Patrys' claim of estoppel or waiver under this Court's decision in Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991). 618 So.2d at 262.
Section 768.57(2), Florida Statutes (1987),[3] provides:
Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested of intent to initiate litigation for medical malpractice.
(Emphasis added). Timely written notice of intent to initiate litigation is a condition precedent to maintaining a medical malpractice action. Williams v. Campagnulo, 588 So.2d 982, 983 (Fla. 1991). Under the statutory scheme, service of presuit notice tolls the statute of limitations during the ninety-day presuit screening period provided for in the statute. The plaintiff then must file suit within ninety days after the receipt was received plus the greater of either sixty days or the remainder of the time left under the statute of limitations.[4] § 768.57(4); Boyd v. Becker, 627 So.2d 481 (Fla. 1993); Tanner v. Hartog, 618 So.2d 177, 182 (Fla. 1993).
The parties agree that timely written notice must be given under section 768.57(2) before a medical malpractice action can be maintained. However, they disagree as to whether strict compliance with the mode of service provided in the statute also is mandated.
Dr. Capps takes the position that only service by certified mail, return receipt requested, is sufficient. He bases his argument on the plain language of the statute, this Court's decision in Williams, and our adoption of Florida Rule of Civil Procedure 1.650. The Patrys and the Florida Academy of Trial Lawyers, as amicus curiae, maintain substantial compliance with the mode of service portion of the statute is all that is necessary to accomplish the legislative purpose of facilitating the early resolution of medical malpractice claims. Thus, they point out there is no reason to construe the provision in a manner that results in an unreasonable denial of access to courts. See Weinstock v. Groth, 629 So.2d 835 (Fla. 1993) (purpose of presuit requirements is to alleviate high cost of medical malpractice claims through early determination and prompt resolution, not to deny access to courts).
Dr. Capps correctly points out that as a general rule this Court must give effect to the plain and unambiguous language of a statute. However, it is equally clear that a literal interpretation is not required when such an interpretation would lead to an unreasonable or ridiculous conclusion and there are cogent reasons to believe the letter of the law does not accurately reflect the legislative intent. See Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984).
Thus, in deciding whether strict compliance with the mode of service provided in section 768.57(2) is mandated, we look to the purpose of the legislation. We begin by reviewing the general purpose of the presuit notice and screening requirements set forth in the statute. These requirements are "designed to facilitate the amicable resolution of medical malpractice claims." Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla. 1991). The goal of the legislation is to promote the settlement of meritorious claims early in the controversy in order to avoid full adversarial *12 proceedings. Williams v. Campagnulo, 588 So.2d 982, 983 (Fla. 1991); see also Boyd v. Becker, 627 So.2d at 484. To this end, timely service of presuit notice tolls the statute of limitations, thus affording the parties an opportunity to settle their dispute. § 768.57(4). Strict compliance with the mode of service provided in the statute is in no way essential to this legislative goal. Service of the presuit notice by certified mail, return receipt requested, simply assures reliable verification of 1) timely service and 2) the date of receipt. Verification of timely service serves to reduce contention and litigation concerning compliance with the general notice requirement. See Glineck, 524 So.2d at 458. Likewise, verification of the date of receipt serves to reduce disputes concerning compliance with various time periods that begin to run after presuit notice is received. See, e.g., § 768.57(3)(c) (time prospective defendant has to reply to presuit notice); § 768.57(4); Fla.R.Civ.P. 1.650(d)(3) (time plaintiff has to file suit after presuit notice is received).
The conclusion that service by certified mail, return receipt requested, was intended as nothing more than a reliable method for verifying service and receipt dates is supported by the fact that two other provisions of section 768.57 provide for service by certified mail. Using language similar to that at issue in this case, subsection (3)(c) provides that the defendant's response "shall be delivered ... by certified mail, return receipt requested" within ninety days after receipt of the notice. Likewise, subsection (7) provides that the plaintiff "shall respond in writing ... by certified mail, return receipt requested" within fifty days after receipt of the defendant's offer to admit liability and submit the damage issue to arbitration. Our review of the statutory scheme as a whole leads us to conclude that the mode of service authorized in these provisions is merely a technical matter of form that was designed to facilitate the orderly and prompt conduct of the screening and settlement process by establishing a method for verifying significant dates in the process. It cannot be seriously argued that this goal is not accomplished where, as here, the defendant acknowledges timely receipt of written notice that results in no prejudice.
When considering other statutes that appear to mandate a specific mode of service, several Florida courts have held actual notice by a mode other than that prescribed sufficient. See, e.g., L & F Partners, LTD. v. Miceli, 561 So.2d 1227 (Fla. 2d DCA 1990) (statute that provides for delivery of notice by certified or registered mail, return receipt requested, in worthless check action required only some type of personal delivery beyond regular mail); Bowen v. Merlo, 353 So.2d 668 (Fla. 1st DCA 1978) (actual delivery of notice by regular mail was sufficient under notice requirement of Mechanics' Lien Law that provided for delivery of notice of claim by certified or registered mail). Most notably, in Phoenix Ins. Co. v. McCormick 542 So.2d 1030 (Fla. 2d DCA 1989), the Second District Court of Appeal held actual notice by a mode other than that authorized in section 627.426(2)(a), Florida Statutes (1985), sufficient to preserve an insurer's right to assert a coverage defense. Under that statute a liability insurer is precluded from asserting a coverage defense, unless within thirty days of knowledge of the defense written notice is given to the insured by registered or certified mail, or by hand delivery. The Phoenix court recognized that the language providing for notice by certified mail, registered mail, or hand delivery eliminates problems in proving timely service; but held that when the insured concedes actual notice, strict compliance is not required. Recognizing that the statute allows an insurer to deny coverage by certified letter sent to the insured's last known address, even if the insured never actually receives the notice, the Phoenix court refused to interpret the statute to permit a denial of coverage where notice is never received but to preclude denial when actual notice by regular mail is conceded. 542 So.2d at 1032.
A similar absurdity would result if we were to accept Dr. Capps' construction of section 768.57(2). It appears that notice of intent to initiate litigation sent certified mail, return receipt requested, would be sufficient to toll the statute of limitations, even if the notice was not actually received by the defendant. Zacker v. Croft, 609 So.2d 140 (Fla. 4th DCA 1992), review denied, 620 So.2d 760 (Fla. *13 1993). Whereas, under Dr. Capps' interpretation of the notice provision, the statute of limitations would not be tolled when service was by a mode other than that provided in the statute, even if the defendant concedes receipt of timely written notice that caused no prejudice. We do not believe that the Legislature intended such an irrational result.
Moreover, we have recently emphasized that when possible the presuit notice and screening statute should be construed in a manner that favors access to courts. Weinstock, 629 So.2d at 838. In this case, it is possible to construe the provision in a manner that favors access without running afoul of the goal of the legislatively authorized mode of service. This is true because tolling the statute of limitations where receipt of written notice and lack of prejudice are conceded avoids the unreasonable result of denying a valid claim where there is no question that the defendant actually received timely notice, the contents of which is evidenced in writing. Moreover, where the defendant concedes actual receipt there should be no problem computing the other time periods that begin to run after the notice is received.
Neither our decision in Williams nor our adoption of Florida Rule of Civil Procedure 1.650(d)(1)[5] require a different construction. Williams addressed the complete absence of presuit notice. That decision stands for the proposition that timely written notice is a condition precedent to the maintenance of a medical malpractice action; it was not intended to mandate strict compliance with the mode of service provided for in the statute. As noted above, unlike the general notice requirement contained in section 768.57(2), the mode of service authorized in that subsection does not go to the heart of the presuit notice and screening process. Likewise, in adopting rule 1.650, In re Medical Malpractice Presuit Screening Rules  Civil Rules of Procedure, 536 So.2d 193 (Fla. 1988), we did not speak to the issue of whether service by certified mail was the only acceptable mode of service for presuit notice. We adopted the rule simply "to provide uniform procedures for implementing the medical malpractice pre-suit notice requirements of section 768.57." In re Amendment to Rules of Civil Procedure  Rule 1.650(d)(2), 568 So.2d 1273 (Fla. 1990); see also Boyd v. Becker, 627 So.2d at 484 (Rule of Civil Procedure 1.650 was adopted to implement legislative intent; thus, rule must be amended when found to be inconsistent with intent of presuit notice and screening statute). Rule 1.650 was not intended to somehow elevate those provisions of the statute that would otherwise be considered technical matters of form, with which strict compliance is unnecessary.
Accordingly, we answer the question as restated above in the affirmative,[6] quash the decision below, and remand the cause for further proceedings consistent with this opinion. We disapprove Solimando and Glineck to the extent they conflict with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] Although the parties and the courts below consistently have referred to section 766.106(2), Florida Statutes (1989), the parties now agree that the notice provision as previously codified in section 768.57(2), Florida Statutes (1987), applies because the action appears to have accrued prior to the effective date of the 1988 amendment. See ch. 88-277, § 51, Laws of Fla (act does not apply to actions arising prior to effective date); 618 So.2d at 263 n. 2 (Altenbernd, J., dissenting).
[3] Current section 766.106(2), Florida Statutes (1993), also provides for service by certified mail, return receipt requested.
[4] Although the statute is tolled as of the date the notice of intent is mailed, the tolling period is measured from the date the notice is received by the prospective defendant. Boyd v. Becker, 627 So.2d 481 (Fla. 1993).
[5] Consistent with the statute, Florida Rule of Civil Procedure 1.650(d)(1) provides that service of the notice of intent to initiate litigation shall be by certified mail, return receipt requested.
[6] Because of our holding in connection with the mode of service issue, we need not address the Patrys' waiver argument.