789 So.2d 1069 (2001)
Louis MOSS, Appellant,
v.
Carmi STADLAN, M.D., Appellee.
No. 4D00-3463.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
Rehearing Denied August 13, 2001.
Steven R. Simon of the Law Offices of Simon & Dondero, P.A., Miami, for appellant.
Ralph O. Anderson and Dinah S. Stein of Hicks, Anderson & Kneale, P.A., Miami, for appellee.
KLEIN, J.
Dr. Stadlan and Dr. Lester, who were both employed by Cardiac Surgery Associates, performed coronary bypass surgery on appellant plaintiff. Plaintiff gave the required notice of intent of initiating a medical malpractice claim only to Dr. Lester and Cardiac Surgery Associates. When he filed this lawsuit, plaintiff sued Dr. Stadlan as well, and the trial court dismissed as to Dr. Stadlan because of the lack of presuit notice. We reverse.
Section 766.106(2), Florida Statutes requires a medical malpractice claimant to notify defendants of claimant's intent to initiate litigation. In 1988, Florida Rule of Civil Procedure 1.650 was adopted to implement the procedure outlined in the statutory scheme. In re Medical Malpractice Presuit Screening Rules Civil Rules of Procedure, 536 So.2d 193 (Fla.1988). Rule 1.650(b) provides in part:
(1) Notice of intent to initiate litigation sent by certified mail to and received by *1070 any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice.
The complaint in this case alleges that Dr. Stadlan was an employee or agent of Cardiac Surgery Associates. Plaintiff argues that Dr. Stadlan accordingly has a legal relationship with Cardiac Surgery Associates as contemplated by rule 1.650(b)(1), and notice to the employer constituted notice to Dr. Stadlan.
In Kukral v. Mekras, 679 So.2d 278 (Fla.1996) the reverse situation was presented, in which the plaintiff gave notice to the negligent physician, but not to the employer of the negligent physician. The Florida Supreme Court held that the employer was in a legal relationship with the physician and accordingly notice to the physician operated as notice to the employer under rule 1.650. It follows from Kukral that the employer and Dr. Stadlan were in a legal relationship, and notice to the employer constituted notice to Dr. Stadlan. We therefore reverse the order dismissing the complaint as to Dr. Stadlan.
GUNTHER and FARMER, JJ., concur.