PETERSON, J.
CORA Health Services, Inc., (“CORA”), petitions for a writ of certiorari to review the trial court’s order denying CORA’s motion for summary judgment in which it alleged that John H. Steinbronn, (“Stein-bronn”), failed to timely comply with the pre-suit notice required of a medical malpractice claimant pursuant to section 766.106(2), Florida Statutes (2000).
Steinbronn was a resident in a nursing home operated by Daytona Healthcare Investors, LLC (“Daytona”), when CORA’s employee allegedly dislocated Steinbronn’s hip while treating him at the nursing home. Surgery was required to correct the injury.
The chronology of Steinbronn’s claim follows:
December 26, 2000 — Steinbronn’s hip is dislocated.
May 20, 2002 — Steinbronn serves a notice of intent to initiate litigation against Daytona only.
October 17, 2002. — A complaint is served against both Daytona and CORA in the circuit court.
November 22, 2002 — CORA moves to dismiss the complaint for failure to serve a pre-suit notice upon it pursuant to section 766.106(2), Florida Statutes.
January 2, 2003 — Steinbronn serves a notice of intent to initiate litigation against CORA.
April 8, 2003 — CORA’s motion to dismiss is granted without prejudice to file an amended complaint.
April 17, 2003 — Steinbronn files an amended complaint against CORA alleging pre-suit compliance.
June 4, 2003 — Steinbronn files a second amended complaint alleging CORA was served with a pre-suit notice on January 2, 2003 and CORA received it on January 6, 2003.
*589 August 12, 2003 — The trial court denies CORA’s motion for summary judgment.
The instant petition for certiorari followed.
Burbank v. Kero, 813 So.2d 292 (Fla. 5th DCA 2002), provides guidance for the calculation of time periods to determine whether Steinbronn served his notice of intent to initiate litigation for medical malpractice within the two-year time limit prescribed by section 95.11, Florida Statutes. In Burbank, this court approved the extension of the two-year statute of limitations for three ninety-day periods: once when Burbank, the malpractice claimant, petitioned the circuit court for an extension pursuant to section 766.104(2), Florida Statutes (2000); again when a notice of intent was served upon Dr. Kero; and finally when a notice was served on Dr. Sztulman. It was during the first two extensions that it was discovered that Dr. Sztulman was involved in Burbank’s medical treatments. Burbank then served notice on Dr. Sztulman within the second extended period and suit against Dr. Sztul-man was considered timely.
Two extended ninety-day periods were activated by first the notice to Daytona and then the notice to CORA within the first extended period. Notice to Daytona extended the two-year period prescribed by section 95.11, Florida Statutes, as to CORA because the statute of limitations is tolled as to all potential defendants when a notice of intent to initiate litigation is served upon any prospective defendant. See § 766.106(4), Fla. Stat. (2000); Hankey v. Yarian, 755 So.2d 93 (Fla.2000). More specifically, if the statute of limitations began to run on December 26, 2000, the date of the injury, then the claim would have been barred had it been filed after December 27, 2002, in the absence of any extension or tolling. But the time was tolled for ninety days when Steinbronn served the notice of intent to initiate litigation against Daytona. Assuming receipt of the notice of intent on the day of service, May 20, 2002, the statute of limitations would not expire until March 27, 2003. However, that expiration date was also extended or tolled by the notice of intent served upon, and we assume received by, CORA on January 2, 2003. Using the calculation formula of Burbank, the new calculated expiration date would be ninety days from March 27, 2003, or June 25, 2003. All of Steinbronn’s pleadings were filed within those times so that the action was not time barred. In other words, suit against CORA was timely.
Although Steinbronn filed suit against CORA within the extended limitations period, CORA argues that the original notice of intent served upon Daytona failed to toll the limitations period because it was a nullity. CORA contends that the notice was a nullity because Daytona was a nursing home and no claim was made against it for medical malpractice.
The pre-suit notice to Daytona expressed the intent to file suit pursuant to section 400.023, Florida Statutes, for “deprivations and/or infringements of ... nursing home resident’s rights.... ” The pre-suit notice to Daytona also expressed the intent to file suit for medical negligence pursuant to chapter 766, but added the comment that it was Steinbronn’s contention that-conduct of a nursing home licensee is not subject to chapter 766, the conduct did not constitute medical negligence as defined in chapter 766, and the nursing home was not a health provider. Finally, the notice advised that it was being sent in contemplation of the possibility that an appellate court decision may even *590 tually conclude that Steinbronn’s claims constitute medical malpractice.'
Steinbronn’s conservative approach to the notice was justified. In Integrated Health Care Services, Inc. v. Lang-Redway, 840 So.2d 974 (Fla.2002), the Florida Supreme Court noted the difficult task the judiciary had experienced in determining whether the pre-suit requirements of chapter 766 are invoked for the vicarious liability of nursing homes for the actions of its employees. The decision affirmed the Second District Court of Appeal’s finding that chapter 400 actions against nursing homes for violations of a patient’s statutory rights as a resident were not precluded for failure to comply with the pre-suit requirements of section 766.106, Florida Statutes, when no claim was made for professional malpractice under the common law. See Integrated Health Care Services v. Lang-Redway, 783 So.2d 1108 (Fla. 2d DCA 2001).
CORA argues that Lang-Redway should be interpreted for the proposition that a pre-suit notice citing chapter 766 served upon a nursing home for negligence is a nullity. We decline to adopt such a broad interpretation of the Lang-Redway decision. There is nothing in that opinion which would indicate that a claimant who serves a notice upon a nursing home would be deprived of a medical malpractice claim where the notice is specifically filed pursuant to chapter 766. Additionally, Steinbronn’s second amended complaint contains a count against Dayto-na for negligence separate and apart from negligence under chapter 766. Furthermore, the courts have emphasized that “when possible the pre-suit notice and screening statute should be construed in a manner that favors access to the courts.” Patry v. Capps, 633 So.2d 9, 13 (Fla.1994);
see also Weinstock v. Groth, 629 So.2d 835 (Fla.1993).
Accordingly, CORA’s petition is denied.
SAWAYA, C.J., and THOMPSON, J., concur.