946 So.2d 1096 (2006)
Asif MIRZA, M.D., Petitioner,
v.
Frank TROMBLEY and Tammy Tillman, etc., et al, Respondents.
No. 5D05-4185.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Rehearing Denied January 29, 2007.
*1097 Craig S. Foels and Robin D. Black of Hannah, Estes & Ingram, P.A., Orlando, for Petitioner.
Alan J. Landerman of The Nation Law Firm, Longwood, for Respondents Frank Trombley and Tammy Tillman.
*1098 LAWSON, J.
Dr. Asif Mirza seeks a writ of certiorari quashing the trial court's order in a medical malpractice action. The order denied Dr. Mirza's motion for dismissal or summary judgment. Dr. Mirza argues that his motion should have been granted because respondents did not individually serve him with a notice of intent pursuant to section 766.106(2), Florida Statutes (2004), and did not individually name him in their corroborating expert affidavit, filed pursuant to section 766.203(2), Florida Statutes (2004). We find that the trial court properly denied Dr. Mirza's motion and deny certiorari.
On February 3, 2005, respondents sued Dr. Mirza, Dr. Faisal Ahmad, East Coast Hospital Inpatient Specialists, P.L.C. ("ECHIS"), and six other healthcare providers, alleging medical negligence in Patricia Trombley's treatment, which ultimately led to her death. More precisely, respondents claimed that the defendants' actions "fell below the appropriate standard of care" by inappropriately "ordering and administering heparin therapy . . . which caused an intracranial bleed, resulting in the death of Patricia Trombley." The alleged negligence occurred in the period between Trombley's admission into Central Florida Regional Hospital on February 6, 2003, and her death on February 9, 2003. Drs. Mirza and Ahmad practiced medicine together at ECHIS and were co-owners of the practice.
Chapter 766 articulates "a complex investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court." Kukral v. Mekras, 679 So.2d 278, 280 (Fla.1996). These requirements are "designed to facilitate the amicable resolution of medical malpractice claims," Patry v. Capps, 633 So.2d 9, 11 (Fla.1994) (quoting Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla.1991)), and include both a notice requirement and a requirement that the potential plaintiff's attorney conduct a reasonable investigation to determine whether a good faith basis exists to claim medical negligence. Kukral, 679 So.2d at 280. As part of the investigation requirement, the attorney must obtain a "verified written medical expert opinion from a medical expert" that "corroborate[s] reasonable grounds to support the claim of medical negligence." § 766.203(2), Fla. Stat. (2004).
In this case, respondents' counsel was obviously not initially aware of Dr. Mirza's involvement in Trombley's care. In fact, counsel's initial request for informal discovery asked ECHIS to list all employees of the practice who treated Trombley. In response, ECHIS simply stated that Dr. Ahmad's involvement was limited, in that "another doctor took over as the attending physician a few hours" after Dr. Ahmad had arranged for her admission by telephone. However, ECHIS did not disclose that it was Dr. Mirza who took over as the attending physician and simply told counsel to "refer to the Medical Records."
Not surprisingly, therefore, Dr. Mirza was not individually named in plaintiffs' presuit notice or in the presuit investigatory affidavit.[1] Instead, plaintiffs sent notices to Dr. Ahmad and to ECHIS. The notice of intent to initiate litigation against ECHIS was addressed to "you, as well as all other prospective defendants who bear a legal relationship to you. . . ." Additionally, the physician who reviewed the case for plaintiffs' counsel corroborated in an affidavit *1099 served on ECHIS that reasonable grounds existed to support the claim of medical negligence. In the affidavit, plaintiffs' expert actually describes the care and treatment provided by Dr. Mirza, concluding that his actions fell below the appropriate standard of care. However, because Dr. Mirza had not yet been identified as the other ECHIS "doctor who took over as the attending physician," Dr. Mirza was not individually named in the affidavit. Instead, the affidavitconsistent with the noticeoutlined the manner in which the reviewing physician found ECHIS' actions to have fallen below the appropriate standard of care.
Contrary to Dr. Mirza's arguments, we find that the trial court correctly concluded that plaintiffs' presuit notice and investigatory affidavit were sufficient. As for the notice, the law is clear that because Dr. Mirza was a partner and owner of ECHIS, notice to ECHIS also constituted notice to Dr. Mirza. E.g., Moss v. Stadlan, 789 So.2d 1069 (Fla. 4th DCA 2001); see also Fla. R. Civ. P. 1.650 ("Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice."). Therefore, by noticing ECHIS, plaintiffs met the presuit notice requirement of section 766.106(2), Florida Statutes, as to Dr. Mirza.
With respect to the investigatory affidavit requirement, Dr. Mirza argues that Largie v. Gregorian, 913 So.2d 635 (Fla. 3d DCA 2005), and Bonati v. Allen, 911 So.2d 285 (Fla. 2d DCA 2005), require dismissal of a medical malpractice suit against any defendant not individually named in the investigatory affidavit. We believe this to be a misreading of both cases.
In Largie, the plaintiff had properly noticed Jessica Wang, a registered nurse practitioner. However, plaintiff had not conducted any presuit investigation of nurse Wang's actions. Accordingly, as explained in the Largie opinion, the investigatory affidavit made "no mention of Nurse Wang whatsoever, either by name or job description." Largie, 913 So.2d at 639. Additionally, the affidavit made "no reference to the standard of care applicable to a certified registered nurse practitioner or to any deviation from that standard of care." Id. In short, the affidavit did "not suggest, much less corroborate, that any investigation took place with regard to Nurse Wang or that any reasonable grounds exist to support the Largies' claim against her as expressly mandated by Chapter 766." Id. As a result, the Third District Court held in Largie that the complaint against Nurse Wang should be dismissed.
Similarly, in Bonati, the Second District Court followed Largie and required dismissal of a complaint against a physician whose conduct was not reviewed as part of the presuit investigation. Robin Allen had consulted Dr. Bonati regarding neck and arm pain that she had been experiencing for five years. Dr. Bonati diagnosed Allen as having a "cervical nerve decompression" and referred her to an orthopedic surgeon, Dr. Mork. Dr. Mork performed spinal surgery on Allen and referred her to two other doctors for post-operative pain management and care.
In the investigative affidavit, the reviewing doctor (an orthopedic surgeon) found that Dr. Mork had negligently performed the surgery on Allen. He also found that the procedure Dr. Mork performed was inappropriate for Allen. The reviewing physician further found deviations from the acceptable standards of medical care by the two doctors who provided post-operative *1100 care. With respect to Dr. Bonati, however, the court concluded that because the presuit investigatory affidavit did "not serve its purpose of corroborating that Dr. Bonati acted negligently toward Allen," the presuit investigation requirement had not been satisfied.
In this case, of course, the affidavit does clearly corroborate that Dr. Mirza acted negligently toward Patricia Trombley. As we read Largie and Bonati, the fact that the affidavit failed to specifically name the prospective defendant later dismissed was simply one fact demonstrating that no reasonable investigation had been conducted with respect to those medical providers. Because the affidavit in the instant case clearly shows that a reasonable investigation has been conducted with respect to Dr. Mirza's actions, dismissal of this case is unwarranted. We therefore reject Dr. Mirza's argument that the affidavit must name each prospective defendant. Instead, we hold that failure to individually name a particular defendant is not fatally defective, so long as the affidavit otherwise makes it clear that the defendant's actions were properly reviewed and determined to be negligent prior to filing suit.
We find further support for our holding based upon our review of the plain language of the statute, by considering the purpose of the statutory requirement, and by application of the rule requiring that the malpractice presuit requirements be construed in a manner that protects citizens' constitutionally guaranteed access to the courts.
First, Dr. Mirza's argument for requiring that each future defendant be individually named in the investigatory affidavit is not compelled or supported by the express language of section 766.203, Florida Statutes. The statute simply requires that before serving a notice of intent to initiate medical negligence litigation pursuant to section 766.102, "[C]orroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written expert opinion . . . which statement shall corroborate reasonable grounds to support the claim of medical negligence." Nowhere does the statute say that a claimant must individually name each future defendant in the affidavit as a prerequisite to suit.
Second, adding a requirement that each future defendant must be individually named in the investigatory affidavit would seem inconsistent with the recognized purpose underlying the affidavit requirement, which is simply "to corroborate that the claim is legitimate, not to give notice of it." Kukral v. Mekras, 679 So.2d 278, 282 (Fla.1996) (emphasis added). As further explained in Kukral: "Obviously, the corroborative medical opinion adds nothing to the Plaintiffs' notice of their claim. It merely assures the Defendants, and the court, that a medical expert has determined that there is justification for the Plaintiffs' claim, i.e., that it is not a frivolous medical malpractice claim." Id. at 282 (emphasis in original).
In this case, it is undisputed that plaintiffs conducted the required investigation, resulting in an expert medical opinion that they had a legitimate basis to pursue a malpractice claim based upon the administration of heparin to Patricia Trombley. It is also undisputed that Dr. Mirza was the ECHIS physician primarily responsible for overseeing Trombley's heparin therapy. Therefore, the sole statutory purpose behind the affidavit requirement  the elimination of frivolous claims  was fully satisfied in this case.
Finally, Dr. Mirza's argument is inconsistent with the directive from our supreme court that "the medical malpractice *1101 statutory scheme must be interpreted liberally so as to not unduly restrict a Florida citizen's constitutionally guaranteed access to the courts. . . ." Id. at 284. Dr. Mirza argues for a rule that would deny these plaintiffs their constitutionally guaranteed access to courts by restrictively construing the statute as containing a technical requirement that each prospective defendant be individually named in the presuit investigatory affidavit. We reject this narrow construction because it is not supported by the express language of the statute, by the clear purpose of the affidavit requirement, or by case law.
CERTIORARI DENIED.
PLEUS, C.J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, J., dissenting.
I respectfully dissent. I find Bonati v. Allen, 911 So.2d 285 (Fla. 2d DCA 2005), dispositive. In Bonati, plaintiffs, alleging medical malpractice, sued a doctor and the center where he worked. The plaintiff's Notice of Intent named the doctor as one of the negligent parties, but the corroborating expert affidavit did not mention the doctor by name. The trial court denied the doctor's motion to dismiss. The Second District granted his motion for certiorari and held:
[T]he expert affidavit relied on by [Plaintiff] does not mention [the doctor] by name. Because [the] affidavit does not serve its purpose of corroborating that [the doctor] acted negligently toward [Plaintiff], the presuit investigation requirement has not been satisfied. Accordingly, the trial court departed from the essential requirements of law in denying [the doctor's] motion to dismiss.
Bonati, 911 So.2d at 288 (emphasis added); see also Largie v. Gregorian, 913 So.2d 635 (Fla. 3d DCA 2005) (affirming summary judgment for nurse who was not mentioned by name or job description in the corroborating affidavit because the affidavit did "not suggest, much less corroborate, that any investigation took place with regard to [the nurse] or that any reasonable ground exist[ed] to support [plaintiffs'] claim against her").
The majority writes that Largie can be distinguished because the corroborating affidavit of the expert, a primary care physician, stated that the physician's failure to follow up the treatment of a patient with an elevated PSA was negligent and there was no expert corroborating affidavit as to the nurse practitioner's negligence. Their argument suggests that when the corroborating affidavit is from a physician, then all physicians involved, even though unnamed, are assumed to be negligent. I think this is in derogation of the statute. See § 766.202(5), Fla. Stat. (2004).
The majority posits several reasons for concluding that Trombley complied with the pre-suit investigatory affidavit requirement. First, I address the statement that section 766.203 does not require the corroborating affidavit to name each individual defendant. Section 766.202(5) defines "investigation" to mean "that an attorney has reviewed the case against each and every potential defendant and has consulted with a medical expert and has obtained a written opinion from said expert" (emphasis added). Furthermore, section 766.203(2) requires the claimant to investigate to determine whether reasonable grounds support the conclusion that "any named defendant in the litigation was negligent in the care or treatment of the claimant."
The affidavit of Trombley's expert, Dr. Malkin, outlines the material he reviewed to reach his opinion and the basis of his opinion, i.e., that reasonable grounds existed *1102 to support a negligence claim against Dr. Ahmad, ECHIS, Dr. Shanmughan, Florida Neurology, P.A., and Central Florida Regional Hospital. Dr. Malkin does not allege that Dr. Mirza was negligent, and Dr. Mirza's name does not appear in his affidavit. Though his investigation and affidavit corroborate allegations of negligence against five parties, he never states that Dr. Mirza did something wrong.[1]
The majority argues that it is inconsistent to conclude that the corroborating affidavit was insufficient as to Dr. Mirza even though we found meritless his argument regarding lack of notice. I think the two are distinct issues. Here, the problem was the corroborating affidavit's failure to show that the pre-suit investigation demonstrated Dr. Mirza was negligent. I conclude that requiring the corroborating affidavit to provide reasonable grounds to support negligence claims against the parties named in the litigation serves the purpose of eliminating frivolous claims and does not deprive Trombley of access to the courts.
Though Dr. Mirza's admission to his legal relationship with ECHIS suffices for purposes of the Notice of Intent, it does not waive his right to a corroborating medical opinion that demonstrates reasonable grounds exist to initiate medical negligence litigation against him. Because the affidavit here did not serve its purpose of corroborating that Dr. Mirza acted negligently toward Trombley, the presuit investigation requirement has not been satisfied. See Bonati, 911 So.2d at 288. Accordingly, the trial court departed from the essential requirements of law in denying Dr. Mirza's motion to dismiss. See id.
What is most troubling is the language of the majority that seeks to rewrite section 766.203(2). The majority states:
We therefore reject Dr. Mirza's argument that the affidavit must name each prospective defendant. Instead, we hold that failure to individually name a particular defendant is not fatally defective, so long as the affidavit otherwise makes it clear that the defendant's actions were properly reviewed and determined to be negligent prior to filing suit.
This appears to be circular reasoning. In essence, I read this to state that when there is enough evidence to identify the negligence of at least one physician among several treating physicians, that is supported by a corroborating affidavit as to that one physician, every physician with the same specialty as the named physician is presumed negligent. Obviously, the Florida Legislature could rewrite the statute to eliminate the specific notice to the individual defendants or potential defendants. However, they chose to separate the two. I do not think it is the province of this court to rewrite the Florida Statutes.
Therefore, I conclude the lower court departed from the essential requirements of the law, and would grant the petition for writ of certiorari and remand for further proceedings. Combs v. State, 436 So.2d 93, 95-96 (Fla.1983).
NOTES
[1] The statute requires the prospective plaintiff to serve the affidavit with his or her presuit notice. See § 766.203(2), Fla. Stat. (2004).
[1] When responding to initial requests for informal discovery pursuant to section 766.106 after the corroborating affidavit was filed, a pertinent part of Dr. Ahmad's response was, "Dr. Ahmad is unaware of anyone who was responsible, in whole or in part, for the occurrence or any of the complications suffered by Patricia Elaine Trombley at this point in time." This response was received before the complaint was filed.