539 So.2d 493 (1989)
Earla W. MALUNNEY, As Administratrix of the Estate of John T. Malunney, Deceased, Appellant,
v.
Leslie PEARLSTEIN, M.D., Appellee.
No. 88-445.
District Court of Appeal of Florida, Second District.
February 8, 1989.
Rehearing Denied March 13, 1989.
*494 Michael R. Karp, Sarasota, for appellant.
Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
PARKER, Judge.
Earla Malunney, the administratrix of her husband's estate, appeals from the trial court's order dismissing the Malunneys' complaint[1] with prejudice in an action against appellee, Leslie Pearlstein, M.D. for medical malpractice. We reverse.
This is the second lawsuit filed by the Malunneys against Pearlstein arising from the same claim of malpractice. In the appeal from the first lawsuit, Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986) (Pearlstein I), review denied, 511 So.2d 299 (Fla. 1987), Pearlstein sought a writ of certiorari after the trial court declared unconstitutional the prefiling notice requirements of section 768.57, Florida Statutes (1985).[2] This court granted Pearlstein's petition, found the statute constitutional, and quashed the trial court's order which directed that Pearlstein answer the complaint.
This controversy began when the Malunneys filed their initial complaint in Pearlstein I on January 17, 1986. The complaint failed to allege that the required notice of intent to litigate had been furnished to Pearlstein at least ninety days prior to the filing of the complaint. It was not until after the complaint was filed that a letter of notice of intent to litigate was mailed to Pearlstein on February 25, 1986. This court held in Pearlstein I that the furnishing of notice to Pearlstein was a precondition to the filing of the lawsuit which could not be satisfied by the mailing of notice after filing of the complaint. Id. at 587.
Following issuance of the mandate on January 29, 1987, in Pearlstein I, the Malunneys *495 filed a second complaint[3] on February 19, 1987, containing essentially the same allegations, with two notable additions. Paragraph eight of the complaint alleged compliance with the statutory notice by virtue of the letter mailed on February 25, 1986. Malunney attached a copy of that letter to the complaint. Paragraph nine alleged that a severe and permanent injury was inflicted upon Mr. Malunney as a result of the negligence of Pearlstein; it was alleged that the negligence was not discovered until January 1986. This allegation differed from the complaint in Pearlstein I, which merely alleged that the negligent diagnosis, treatment, and care occurred from January 1984, through April 1984. The trial court's dismissal of the second complaint gives rise to this appeal.[4]
The following grounds were set forth in Pearlstein's motion to dismiss the second complaint:
1. Malunney is barred by res judicata and the law of the case from filing a subsequent suit between the same parties based upon the same cause of action;
2. Malunney failed to adhere to section 768.57 by not filing the complaint after the required notice and ninety day interval before a complaint was filed;
3. Malunney failed to serve notice to litigate within the two-year statute of limitations period required by section 95.11, Florida Statutes (1985), and by insertion of paragraph nine in the complaint, the new date in 1986 was alleged to avoid the statute of limitations.
Turning first to the issue of res judicata, a requirement of that doctrine, which is asserted as a bar to the instant action, is that the previous action must have been terminated by "a final judgment on the merits." See, e.g., Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957). We cannot find, however, that dismissal of the complaint in Pearlstein I resulted in an adjudication upon the merits. A dismissal on the pleadings does not constitute a final judgment on the merits of the case barring a second action. But see Hardcastle v. Mohr, 483 So.2d 874 (Fla. 2d DCA 1986) (where the case proceeded through trial, a determination made following the trial is considered final for res judicata purposes).
We also reject Pearlstein's argument that the dismissal of the second lawsuit was appropriate for the reason that this court's decision in Pearlstein I represents the law of the case with regard to the notice issue. In Pearlstein I we rejected the notion that mere filing of the complaint satisfied the statutory notice requirement. We continue to adhere to that determination. We also adhere to the view that revival of the initial complaint cannot be achieved through the belated service of the statutory notice. In the present setting, however, we are not confronted with the resuscitation of a properly dismissed complaint as we were in Pearlstein I, thereby explaining this court's language in that opinion that "we cannot authorize revival of the complaint because, as petitioners point out, it fails to satisfy the requirements of section 768.495 [sic], Florida Statutes (1985)." In the present situation, a second complaint embodying the essential notice element was filed. In this regard, a distinction must be drawn between the commencement of the malpractice suit and the existence of a cause of action. The purpose of section 768.57 is wholly procedural and, as we noted in Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988),[5] simply provides the potential defendant with an opportunity to resolve amicably the controversy without the burden of a lawsuit. *496 That section, however, has no effect upon the existence of a cause of action. Thus, although Pearlstein I speaks to the procedural concern stemming from the statute's literal meaning and purpose, it was not intended by the language found in that opinion to oust a plaintiff from the ability to pursue a new or subsequent action for the alleged malpractice.
Because Pearlstein has not had the benefit of the full ninety-day period for presuit discussion and investigation provided by section 768.57, and because of the unique circumstances presented by this case,[6] we vacate the order of dismissal and direct the trial court to abate the present action for ninety days to permit Pearlstein to utilize the presuit procedures authorized by section 768.57. Unlike the circumstances present in Pearlstein I, where an abatement could not be authorized because the complaint was procedurally defective, i.e., the precondition of notice had not been satisfied, in the case at hand we are faced with a new and valid complaint properly alleging notice as required under section 768.57 and, as such, may be abated.
Finally, we also do not find the complaint at issue in this appeal was susceptible to being dismissed on the basis that the Malunneys' claim is barred by the statute of limitations. Paragraph nine in the complaint alleged the permanent injury from Pearlstein's negligence was not discovered until 1986. That paragraph brings the matter within two years of the date of the filing of the complaint. Since the complaint did not show on its face that this action was barred by the statute of limitations, it is not subject to a motion to dismiss on that ground. See B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971). The factual determination of whether this action is barred by the statute of limitations remains an issue in the case to be decided by the trial court.
Reversed with directions.
CAMPBELL, C.J., and THREADGILL, J., concur.
NOTES
[1] John T. Malunney and Earla W. Malunney were the original parties to this action until Mr. Malunney's death during the course of this appeal, at which time the Malunneys were substituted as parties by Earla Malunney, acting as administratrix for her husband's estate.
[2] The pertinent portions of the notice statute provide:

(2) Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant, except that this period shall be 180 days if controlled by s. 768.28(6)(a). Reference to the 90-day period includes such extended period. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period... .
§ 768.57, Fla. Stat. (1985).
[3] The original complaint was dismissed with prejudice by the trial court on October 30, 1987, pursuant to this court's mandate in Pearlstein I.
[4] Because the trial court entered a general order of dismissal, we do not know upon which of the grounds asserted by Pearlstein the trial court relied in its decision to dismiss the lawsuit.
[5] Castro holds that a notice of intent to litigate an alleged wrongful act under the medical malpractice statute furnished after the filing of the initial complaint, later dismissed, may serve as proper notice in a second complaint alleging the same negligence. See also Nash v. Humana Sun Bay Community Hospital, Inc., 526 So.2d 1036 (Fla. 2d DCA 1988), review denied, 531 So.2d 1354 (1988).
[6] Pearlstein I was the first authority from this district upholding the constitutionality of the notice statute. During the appeal in Pearlstein I, the trial court entered an order, pursuant to a stipulation by the parties, "abating and staying any further proceedings in the above-styled cause pending a ruling from the Second District Court of Appeal in the Petition for Writ of Common Law Certiorari." Twenty-two days after the mandate from this court was issued in Pearlstein I, a new complaint which is the subject of this appeal was filed.