571 So.2d 446 (1990)
HOSPITAL CORPORATION OF AMERICA, etc., Petitioner,
v.
Kurt LINDBERG, et Ux., Respondents.
Jaime ALALU, M.D., et al., Petitioners,
v.
Kurt LINDBERG, et Ux., Respondents.
Robert K.T. Liem, M.D., et al., Petitioners,
v.
Kurt Lindberg, et Ux., Respondents.
Nos. 74466, 74563 and 74564.
Supreme Court of Florida.
December 6, 1990.
Stephanie Arma Kraft of Conrad, Scherer & James, Fort Lauderdale, for petitioner Hospital Corp. of America.
Debra J. Snow and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for petitioners Jaime Alalu, M.D. and Jaime Alalu, M.D., P.A.'s.
Scott H. Michaud and Michael K. Mittelmark of Parker, Johnson, Owen, McGuire, Michaud, Lang & Kruppenbacher, Deerfield Beach, for petitioners Robert K.T. Liem, M.D., et al.
Russell S. Bohn of Edna L. Caruso, P.A., West Palm Beach, and Thompson and O'Brien, Fort Lauderdale, for respondents.
OVERTON, Justice.
The petitioners in these three consolidated cases seek to have this court review Lindberg v. Hospital Corp. of America, 545 So.2d 1384 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal held section 768.57,[1] Florida Statutes (1985), constitutional, finding that a plaintiff's failure to comply with the statute's presuit screening process was not fatal to the plaintiff's proceeding with the cause of action. The district court certified the following question to be of great public importance:
IS THE FAILURE TO FOLLOW THE PRE-SUIT SCREENING PROCESS OF SECTION 768.57, FLORIDA STATUTES, *447 A FATAL JURISDICTIONAL DEFECT OR MAY IT BE CORRECTED BY FOLLOWING THE PROCEDURE SUBSEQUENT TO FILING THE COMPLAINT SO LONG AS THE NOTICE OF INTENT TO LITIGATE IS SERVED WITHIN THE STATUTORY LIMITATIONS PERIOD?
Id. at 1388. For the reasons expressed, we approve the decision of the Fourth District Court of Appeal.[2]
Kurt and Mary Lindberg filed a complaint on April 4, 1986, alleging malpractice in the defendants' care of Kurt Lindberg during March and April of 1984. On the same day they filed their complaint, the Lindbergs sent all the defendants, by certified mail, the notices of intent to initiate litigation required by section 768.57, Florida Statutes (1985). The filing date was within the two-year statute of limitations period.[3] Six months later, after the limitations period had expired, the defendants filed motions to dismiss, arguing that the Lindbergs' complaint was deficient because it failed to allege compliance with the presuit notice and screening requirements of section 768.57 and the presuit investigation and certification requirements of section 768.495(1), Florida Statutes (1985). The defendants argued that because of this failure, the trial court did not have subject matter jurisdiction. At the hearing on the motion, the Lindbergs asked the trial court to grant them leave to amend their complaint, if necessary, to allege their subsequent compliance with the statutory requirements. The trial court denied the request and dismissed the complaint.
The Fourth District Court of Appeal reversed and allowed the Lindbergs an opportunity to file an amended complaint. The district court found that the Lindbergs' failure to comply with the presuit notice requirement of section 768.57 did not deprive the trial court of subject matter jurisdiction; that the notice requirement was not jurisdictional; and that, since the notice was given within the statute of limitations period, the trial court should have dismissed the complaint with leave to amend. The district court explained that the filing of the notice tolled the limitations period; consequently, the Lindbergs could have timely filed an amended complaint after the presuit investigation period had expired. The Fourth District Court of Appeal acknowledged conflict with the Second District Court of Appeal's decisions in Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986) [Pearlstein I], and Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989) [Pearlstein II].
We reject the petitioners' claim that the trial court lacked subject matter jurisdiction because the Lindbergs did not comply with the conditions precedent to suit found in section 768.57, Florida Statutes (1985). The pertinent portions of section 768.57 provide:
(2) Prior to filing a claim for medical malpractice, a claimant shall serve upon each prospective defendant by certified mail, return receipt requested, a notice of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is served upon the prospective defendant... . During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant... . Each insurer or self-insurer shall investigate the claim in good faith, and both the claimant and prospective defendant shall cooperate with the insurer in good faith. If the insurer requires, a claimant shall appear before a pretrial screening panel or before a medical review committee, and shall submit to a physical examination, if *448 required. Unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses. There shall be no civil liability for participation in a pretrial screening procedure if done without intentional fraud.
... .
(4) The notice of intent to initiate litigation shall be filed within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
The requirement that claimants give notice to potential defendants as a condition precedent to suit is analogous to the presuit notice which must be served when an agency is sued, as required by section 768.28(6), Florida Statutes (1989). See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). While such a condition precedent to suit is necessary in order to maintain a cause of action, the failure to do so does not divest the trial court of subject matter jurisdiction. The Second District Court of Appeal, in its decision in Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989), explained this distinction:
The civil jurisdiction of a trial court, therefore, is invoked by the filing of a well pled complaint which states a cause of action within the subject matter jurisdiction of that court. In the case of medical malpractice actions, the complaint, in order to state a cause of action upon which relief may be granted, must contain allegations of compliance with the notice requirements of section 768.57. Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla. 1988). The lack of those allegations results in the failure of the complaint to invoke the jurisdiction of the court, but it does not deprive the court of subject matter jurisdiction of medical malpractice actions generally.
Id. at 1033. The Fourth District Court of Appeal in the instant case agreed with this reasoning in holding that the trial court clearly retained subject matter jurisdiction. We fully agree.
It is unrefuted that the Lindbergs complied with the notice requirement of section 768.57 before the statute of limitations had expired when they filed the notice at the time that they filed the complaint. Their mistake was failing to wait for the ninety-day presuit screening period to expire before filing their complaint, as required by the statute. Thus, their complaint was filed prematurely, and since it failed to allege compliance with the statutory prerequisites, it was subject to dismissal. Nevertheless, the statute of limitations was tolled, in accordance with the express provisions of the statute, when the Lindbergs sent the required notices. The timely service of the notices on all potential defendants distinguishes this case from Public Health Trust v. Knuck, 495 So.2d 834, (Fla. 3d DCA 1986), in which the plaintiff had filed a complaint but had served notice on only one of the defendants in the case within the limitations period, resulting in dismissal with prejudice as to the defendants not receiving timely notice. See also Bruce H. Lynn, M.D., P.A. v. Miller, 498 So.2d 1011 (Fla. 2d DCA 1986). The Lindbergs' situation is similar to that in Nash v. Humana Sun Bay Community Hospital, Inc., 526 So.2d 1036 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988), in which the Second District held that notices of intent to initiate litigation served after the filing of a first complaint, which was subsequently dismissed, satisfied the notice requirement with respect to a later-filed second complaint because the notices were served within the statute of limitations.
Even the cases with which the Fourth District expressly acknowledged conflict, Pearlstein I and Pearlstein II, seem to support the Lindbergs' position. In Pearlstein I the plaintiffs filed their complaint *449 without serving a notice of intent to initiate litigation. The Second District stated that "the legislature meant what it said when it distinguished the filing of a complaint from the furnishing of a prefiling notice," 500 So.2d at 587, and that since the statutory prerequisites had not been met, the trial court could not abate "what is, for all intents and purposes, a nonexistent lawsuit." Id. In Pearlstein II, the Second District clarified its earlier holding by stating: "In Pearlstein I we rejected the notion that mere filing of the complaint satisfied the statutory notice requirement." 539 So.2d at 495. The court explained that just over a month after filing the initial complaint, the plaintiffs mailed a notice of intent to litigate in February, 1986, and after losing the first appeal in Pearlstein I, they filed a second complaint, reciting the service of the February, 1986, notice and alleging a different trigger date for the statute of limitations. This time, the Second District reversed the trial court's dismissal because "a second complaint embodying the essential notice element was filed." Id. The court stated that it was not the intent of the statute "to oust a plaintiff from the ability to pursue a new or subsequent action for the alleged malpractice." Id. at 496. Thus, reading the decisions together, we conclude that Pearlstein II ended differently than Pearlstein I because in Pearlstein II a presuit notice had been filed within the statutory period, as in the instant case. In Pearlstein I, the plaintiffs never filed the required presuit notice. Consequently, Pearlstein I and Pearlstein II can be harmonized with the instant case.
We therefore hold that, in medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend. The plaintiff may subsequently file an amended complaint asserting compliance with the presuit notice and screening requirements of section 768.57 and the presuit investigation and certification requirements of section 768.495(1). We note, however, that counsel for the defendants will be entitled to fees and costs resulting from the premature filing of the lawsuit, and such fees could be assessed against the plaintiff. Further, willful noncompliance with the presuit screening process can still result in dismissal of claims or defenses, as provided in section 768.57(3)(a).
With regard to the remaining claim, that the action must be dismissed because the physicians were not served with notice in their individual capacities, we reject the claim since it was not raised below.
Accordingly, we approve the decision of the Fourth District Court of Appeal with directions to remand to the circuit court for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The statute is currently numbered as section 766.106, Florida Statutes (1989).
[2] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[3] Section 95.11(4)(b), Florida Statutes (1985), provides, in pertinent part:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.