588 So.2d 982 (1991)
George WILLIAMS, D.D.S., Petitioner,
v.
Fred CAMPAGNULO, etc., Respondent.
No. 76593.
Supreme Court of Florida.
October 10, 1991.
Rehearing Denied December 6, 1991.
Law Offices of J. Robert Miertschin, Jr., Hollywood, Betsy E. Gallagher of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for petitioner.
Thomas D. Lardin, Fort Lauderdale, for respondent.
OVERTON, Justice.
The petitioner, George Williams, a dentist, seeks review of Campagnulo v. Williams, 563 So.2d 733 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal held that a malpractice complaint brought within the statute of limitations is maintainable even though no notice was filed within the limitation period, as required by section 768.57(3)(a), Florida Statutes (1985). We find conflict with our recent decisions in Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991), and Hospital Corporation of America v. Lindberg, 571 So.2d 446 (Fla. 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Consistent with our Ingersoll and Lindberg decisions, we quash the decision of the district court, finding that the failure to timely file a notice as required by section 768.57 within the statute of limitations period requires the dismissal of this action.
*983 The pertinent facts establish that, in November, 1986, Campagnulo filed a complaint for dental malpractice against Williams. There was no allegation in the complaint of compliance with the notice requirements of section 768.57, Florida Statutes (1985). Williams moved to dismiss the complaint on the grounds that the notice requirement had not been complied with. The trial court denied the motion to dismiss. Williams then answered the complaint and asserted as an affirmative defense that the claim was barred by the statute of limitations.
In April, 1989, Williams moved for a summary judgment on the grounds that Campagnulo failed to comply with the prefiling notice requirements of section 768.57 and attached in support of the motion an affidavit which stated that he never received a notice of intent to initiate the litigation. Campagnulo's counsel stipulated at the hearing that he never served notice of intent to initiate litigation on Williams. The trial court granted summary final judgment in favor of Williams and against Campagnulo. The district court reversed and remanded the case to the trial court with instructions that Campagnulo be allowed to amend his complaint to allege compliance with section 768.57.
We made it clear in Ingersoll and in Lindberg that compliance with the prefiling notice requirement of section 768.57 was a condition precedent to maintaining an action for malpractice and, although it may be complied with after the filing of the complaint, the notice must be given within the statute of limitations period. It is evident that the legislature intended to distinguish the furnishing of a prefiling notice from the filing of a complaint. To approve the district court's decision would require us to rewrite the statute and effectively eliminate the notice requirement as a condition precedent to maintaining this type of action. We find that, because no notice was filed within the statute of limitations period, this cause must be dismissed.
We reject the contention that the notice requirement of section 768.57 is procedural and, as such, is an unconstitutional invasion of our exclusive rule-making authority. The statute was intended to address a legitimate legislative policy decision relating to medical malpractice and established a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding. A major factor in this process is the provision that tolls the statute of limitations to afford the parties an opportunity to attempt to settle their dispute. We find that the statute is primarily substantive and that it has been procedurally implemented by our rule 1.650, Florida Rules of Civil Procedure.
We also reject the respondent's claim of waiver. This claim was first raised in this Court in this review, and we find that it is not applicable under the status of the pleadings in this cause.
For the reasons expressed, we quash the decision of the district court and remand with directions to reinstate the judgment entered by the trial court.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.