PARKER, Acting Chief Judge,
concurring specially.
I agree with the reasoning set forth in Judge Altenbernd’s dissent. The parents of this child should not be locked out of the courthouse because their attorney chose to hand carry the notice of intent to the doctor’s office instead of mailing the notice by certified mail. However, I concur with Judge Blue that section 768.57, Florida Statutes (1987) and the cases which have interpreted that statute require the notice to be served by certified mail. See Solimando v. Int’l Med. Centers, 544 So.2d 1031 (Fla. 2d DCA 1989), review dismissed, 549 So.2d 1013 (Fla.1989) and Williams v. Campagnulo, 588 So.2d 982 (Fla.1991). I would encourage the Supreme Court to clarify its position in Williams to determine if the certified mail requirement is truly substantive. If the undisputed evidence reflects that the notice of intent was placed in the doctor’s office within the time permitted by the statute, the purpose for the statute has been satisfied. To dismiss a cause of action with prejudice because the United States Post Office was not involved in the delivery will cause the public to believe the appellate opinions addressing the notice issue have lost touch with reality.[1] Further, I agree that the question Judge Altenbernd seeks to be certified to the supreme court should be certified as a question of great public importance.

. Of course, certified mail, return receipt requested is necessary if the facts of a case involve disputed evidence of the date of actual delivery of the notice of intent.