642 So.2d 48 (1994)
SHANDS TEACHING HOSPITAL, Stephen B. Vogel, M.D., and Gordon L. Gibbey, M.D., Petitioners,
v.
William G. MILLER, Jr. and Jacqueline Miller, Respondents.
No. 94-1489.
District Court of Appeal of Florida, First District.
August 22, 1994.
Toby S. Monaco of Monaco, Monaco & Birder, P.A., Gainesville, for petitioners.
Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for respondents.
BARFIELD, Judge.
Petitioners, defendants in a medical malpractice action, seek certiorari review of an order denying their motion to dismiss the complaint for failure to comply with the presuit requirements of chapter 766, Florida Statutes (1991). Finding that the trial court departed from the essential requirements of law, we grant the petition, quash the order, and remand for entry of an order dismissing the cause with prejudice.
The parties agree that the statute of limitations began to run on January 17, 1991. A notice of intent to initiate litigation was mailed to the defendants on January 13, 1993, at which time the plaintiffs/respondents filed a "Petition for Extension of Statute of Limitations" for 90 days to allow for a reasonable investigation under section 766.106, Florida Statutes. The complaint was filed on April 13, 1993, alleging that the defendants "either negligently performed spinal anesthetic with complications resulting thereafter or negligently performed the colectomy and ileoanal anastomosis." No corroborating medical expert opinion was submitted to the defendants at the time the notice of intent was mailed, as required by section 766.203(2), nor was one submitted prior to the running of the statute of limitations.
The issue is whether the failure to provide a corroborating medical expert opinion with the notice of intent to initiate a medical malpractice action is a fatal omission in the presuit requirements of chapter 766. The case law indicates that it is not fatal if the required verified, written opinion is provided within the statute of limitations period, but that it is fatal if the limitations period has run (i.e., if the limitations period has not run, the action should be dismissed without prejudice; if the statute has run, the action should be dismissed with prejudice). See Suarez v. St. Joseph's Hospital, Inc., 634 So.2d 217 (Fla. 2d DCA 1994); Miami Physical Therapy Assoc., Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994). See also Weinstock v. Groth, 629 So.2d 835 (Fla. 1993); Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991); Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991); Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990); Bruce H. Lynn, M.D., P.A. v. Miller, 498 So.2d 1011 (Fla. 2d DCA 1986); Public Health Trust v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). But see Kukral v. Mekras, 1994 WL 189644, 19 Fla. Law Weekly D1108 (Fla. 3d DCA May 17, 1994). In the instant case, the limitations period had run, and the trial court therefore departed from the essential requirements of law when it denied the motion to dismiss.
Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), rev. denied, Mussallem v. Stebilla, *49 604 So.2d 487 (Fla. 1992) does not apply here, because that case arose within the period between the effective date of the amendment requiring submission of a corroborating affidavit "at the time the notice of intent to initiate litigation is filed" and the effective date of the correction to require submission of the affidavit when the notice of intent is mailed. Unfortunately, we incorrectly noted the holding in Stebilla as the law with respect to malpractice suits arising after this "glitch" period in Duffy v. Brooker, 614 So.2d 539, 544 n. 2 (Fla. 1st DCA), rev. denied, Physicians Protective Trust Fund v. Brooker, 624 So.2d 267 (Fla. 1993). This was not the holding in Duffy, however, and we acknowledge the misstatement.
The petition is GRANTED, the trial court's order is QUASHED, and the cause is REMANDED for entry of an order dismissing the cause with prejudice.
MINER and MICKLE, JJ., concur.