POLEN, Judge.
llene and Harold Goradesky (“the Gorade-skys”) timely appeal from an order dismissing with prejudice them medical malpractice complaint against Dr. Peter Hickox and the Cleveland Clinic (“Hickox”). The court found that the Goradeskys failed to file a corroborating expert affidavit in accordance with the presuit requirements of section 766.203(2), Florida Statutes (1993), and, alternatively, that they substantially and wil-fully failed to comply with other statutory presuit requirements. We affirm.
The record reflects that the two-year statute of limitations period under section 95.11(4), Florida Statutes (1993), for the Go-radeskys’ bringing their claim for negligence against Hickox began running in August, 1993.[1] They failed to file, pursuant to section 766.203(2), Florida Statutes (1993), any affidavit of a qualified medical expert establishing that reasonable grounds existed to support their claim for negligence at any time before their ease was dismissed on April 3, 1997. Nevertheless, they argue that they did not have to file an affidavit in this case because the extent of Mrs. Goradesky’s injuries from her 1992 surgery was still evolving and, thus, not yet known at the time her case was dismissed. They also argue that their experts were unable and unwilling to sign such an affidavit partly because doctors other than Hickox may have been at fault. While these grounds may have excused the Gorade-skys from providing the affidavit at the time they filed their complaint, there is no authority that excepts the filing of the corroborating expert affidavit requirement within the limitations period. Kukral v. Mekras, 679 So.2d 278, 284 (Fla.1996); see also Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla.1990)(holding that a notice of intent was timely so long as it was filed within the statutory limitations period); § 766.203(2), Fla. Stat. (1995). Because the record reflects that the statute of limitations had long expired by the time the court entered the final order, we affirm dismissal of this action.
Alternatively, we affirm dismissal based on the trial court’s findings that the Goradeskys failed to conduct a reasonable presuit investigation before filing the notice of intent, and then wilfully failed to comply with presuit discovery. Absent any transcript, pleading, or affidavit contradicting those findings, we are unable to conclude the trial court abused its discretion in dismissing the complaint with prejudice as sanctioned under section 766.206(2) and (3), Florida Statutes (1993).
AFFIRMED.
FARMER and TAYLOR, JJ., concur.

. Mrs. Goradesky testified in her interrogatories and at deposition that by August, 1993 she became aware that she had been injured and that there was a reasonable possibility that medical negligence by Hickox had caused her injuries.