910 So.2d 282 (2005)
Richard J. PALEY, M.D. and Lawrence Katt, M.D., Petitioners,
v.
Badewatte MARAJ and Sabindranath Maraj, Respondents.
No. 4D04-4845.
District Court of Appeal of Florida, Fourth District.
June 29, 2005.
William T. Viergever of Sonneborn, Rutter, Cooney & Klingensmith, P.A., West Palm Beach, for petitioners.
James T. Sparkman of James T. Sparkman and Associates, P.A., Fort Lauderdale, for respondents.
KLEIN, J.
Petitioners, who are defendants in a medical malpractice suit, seek certiorari review of the trial court's order denying their motion to dismiss plaintiffs' complaint for failing to comply with statutory presuit requirements. We have jurisdiction to review such an order where there is a departure from the essential requirements of law. Citron v. Shell, 689 So.2d 1288 (Fla. 4th DCA 1997). We grant the petition.
Plaintiff Badewatte Maraj, who was pregnant and beyond her due date, came to the emergency room of North Broward Medical Center, complaining of abdominal pain, and was examined and discharged by the emergency room physician defendants. When she was next seen one week later at *283 a different hospital, an ultrasound revealed that her baby was dead. It was alleged in the medical malpractice complaint that the failure of the emergency room physicians to order a certain test was negligence resulting in the stillbirth.
Section 766.203, Florida Statutes (2003) requires a medical malpractice claimant to provide, in the presuit process, an affidavit of a medical expert. The definition of medical expert contained in section 766.202(6) is one who meets the requirement of a trial expert witness under section 766.102. Where the malpractice claim is against emergency room physicians, as in this case, section 766.102(9)(a) requires the expert to have had "substantial professional experience within the preceding five years while assigned to provide emergency medical services in a hospital emergency department."
In this case, plaintiffs did not provide an affidavit of an emergency room physician, but rather an affidavit of an obstetrician-gynecologist. When the defendants moved to dismiss on the grounds that the affidavit did not meet the statutory presuit requirements, plaintiffs filed an amended affidavit of the same physician, adding that, during his many years in practice, he had been called to emergency rooms to deal with emergency medical situations involving obstetrical patients and on those occasions had worked in conjunction with emergency room doctors.
The trial court denied defendants' motion to dismiss because the court erroneously concluded that section 766.102(9)(a) applies only to experts testifying at trial and not experts making presuit affidavits. As is apparent from our analysis above, however, section 766.202(6), which was enacted in 2003, has eliminated the distinction between an expert for presuit purposes and for testifying at trial. Yocom v. Wuesthoff Health Sys., Inc., 880 So.2d 787 (Fla. 5th DCA 2004). Although the incident in this case occurred in 2001, prior to the passage of section 766.202(6), the statute is procedural and therefore applicable here. El Portal v. Miami Shores, 362 So.2d 275, 278 (Fla. 1978) ("procedural statutes do not fall within the constitutional prohibition against retroactive legislation and are applicable to pending cases."); Walker v. Va. Ins. Reciprocal, 842 So.2d 804, 809 (Fla. 2003) (Chapter 766 is procedural). The order denying defendants' motion to dismiss, which deprived the defendants of their statutory right, constitutes a departure from the essential requirements of law, Citron, and we therefore grant the petition for certiorari.
TAYLOR and MAY, JJ., concur.