# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0856
Lower Tribunal No. 20-24612-CA-01
_____

**Arline Hermoso, et al.,**
Appellants,

vs.

**New Life Plastic Surgery Corp., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Hodson Law Firm, P.A., and Donald J. Hodson; Dream Team Law, PLLC and Yelina Angulo, for appellants.

Lagos Law, Christos Lagos and Laura P. Denault, for appellee New Life Plastic Surgery Corp.; Shannin Law Firm, P.A. and Carol B. Shannin, (Orlando), for appellee Camille Chavez, M.D.

Before SCALES, C.J., and GORDO and GOODEN, JJ.

GORDO, J.

Arline Hermoso ("Hermoso") and her husband, Ivan Manzano ("Manzano"), appeal a final order dismissing their second amended complaint with prejudice entered in favor of Dr. Camille Chavez ("Dr. Chavez") and New Life Plastic Surgery Corporation ("New Life"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

## I.

In November 2018, Dr. Chavez performed a breast lift and implant replacement surgery on Hermoso at New Life. Following the procedure, Hermoso served a notice of intent to initiate medical negligence litigation against Dr. Chavez and New Life pursuant to section 766.203, Florida Statutes.

In her notice, Hermoso alleged (1) Dr. Chavez negligently placed her breast implants above the muscle rather than beneath it; and (2) she failed to provide adequate post-operative care for any vascular compromise resulting from the implant misplacement. Hermoso included an affidavit from her expert, Dr. Paul Glat ("Dr. Glat"), who opined that reasonable grounds exist to support a medical negligence claim, as a plastic surgeon exercising reasonable care under similar circumstances would have (1) placed the implants beneath the muscle; and (2) provided appropriate care to address any vascular compromise resulting from such misplacement.

2

Dr. Chavez responded to the notice and denied the claim, asserting Hermoso failed to comply with the statutory pre-suit investigation requirement for a medical negligence action under section 766.203. In support, Dr. Chavez submitted an affidavit from her expert, Dr. Darrell Henderson ("Dr. Henderson"), who opined that her treatment was appropriate and within the applicable standard of care.

Following the denial of her claim, Hermoso and Manzano filed the underlying medical negligence action against Dr. Chavez and New Life. The complaint was later amended, with the operative pleading being the second amended complaint. Before filing an answer, Dr. Chavez and New Life deposed Hermoso. During her deposition, Hermoso admitted Dr. Chavez had placed the implants beneath the muscle, not above.

Dr. Chavez and New Life filed a motion to dismiss, arguing Hermoso testified under oath the implants were placed beneath the muscle—directly contradicting her negligence claim that they were placed above the muscle. After the motion to dismiss was filed, Hermoso underwent surgery to remove the implants. Neither Dr. Chavez nor New Life were informed of the procedure. The trial court held a hearing on the motion to dismiss and denied it without prejudice, finding the issue of implant placement remained contested. The trial court then ordered an independent medical examination.

3

Dr. Chavez and New Life filed their answer and affirmative defenses, asserting Hermoso did not conduct a reasonable pre-suit investigation or obtain an appropriate expert opinion. Following these filings, Dr. Chavez sought to coordinate an independent medical examination of Hermoso. During the email exchange, Hermoso's counsel disclosed the examination could not proceed because the implants had already been removed by Dr. Jason Altman ("Dr. Altman"). Dr. Chavez then deposed Dr. Altman, who testified he had removed the implants which had previously been properly placed beneath the muscle during Hermoso's implant surgery.

Dr. Chavez and New Life filed a second motion to dismiss. Hermoso filed a response, asserting she had conducted a reasonable investigation before filing her claim. Following an evidentiary hearing, the trial court granted the motion and dismissed the second amended complaint with prejudice. In doing so, the court found (1) Hermoso failed to satisfy the statutory requirement of a reasonable pre-suit investigation; and (2) no separate claim for negligent post-operative care could proceed, as it was inextricably linked to the improper placement of the implants. This appeal followed.

**II.**

"A trial court's ruling on a motion to dismiss is subject to *de novo* review." Skupin v. Hemisphere Media Grp., Inc., 314 So. 3d 353, 355 (Fla. 3d DCA 2020) (quoting Kopel v. Kopel, 229 So. 3d 812, 815 (Fla. 2017)). "The ultimate question of whether a claimant has satisfied the threshold requirements of the presuit notice investigation, warranting denial of the defendant's motion to dismiss, presents an issue of law." Howell v. Balchunas, 284 So. 3d 1180, 1183 (Fla. 1st DCA 2019). "[T]he trial court's ruling that the appellants' corroborating affidavit failed to comply with the statutory requirements is reviewed de novo." Oliveros v. Adventist Health Sys./Sunbelt, Inc., 45 So. 3d 873, 876 (Fla. 2d DCA 2010).

**III.**

On appeal, Hermoso argues the trial court erred in dismissing her second amended complaint with prejudice because her notice of intent to litigate satisfied the statutory requirement of a reasonable pre-suit investigation.[1] Based on the record before us, we find this argument meritless.

The Medical Malpractice Act requires that "[p]rior to issuing notification of intent to initiate medical negligence litigation . . . the claimant shall conduct

---

[1] We affirm the other issues raised without further discussion.

an investigation to ascertain that there are reasonable grounds to believe that: (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and (b) Such negligence resulted in injury to the claimant." § 766.203(2)(a)-(b), Fla. Stat. In addition, "[c]orroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert . . . at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence." § 766.203(2), Fla. Stat.

"[T]he presuit procedures delineated in Chapter 766 are 'intended to address a legitimate legislative policy decision relating to medical malpractice and establish a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding.'" Largie v. Gregorian, 913 So. 2d 635, 638 (Fla. 3d DCA 2005) (quoting Williams v. Campagnulo, 588 So. 2d 982, 983 (Fla. 1991)). "[T]he purpose of the presuit notice and screening requirements set forth in the statute are designed to facilitate the amicable resolution of medical malpractice claims[.]" Id. (quoting Patry v. Capps, 633 So. 2d 9, 11 (Fla. 1994)) (internal quotation marks omitted).

The implementation of this policy "requires a claimant to determine whether reasonable grounds exist to believe that someone acted negligently in the claimant's care or treatment and that this negligence caused the claimant's injury." Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996). This mandates an investigation and corroboration of that investigation by "a verified written medical expert opinion." § 766.203(2), Fla. Stat.

"[A]n investigation consists of: (1) review of the case against **each** potential defendant; (2) consultation with a medical expert; and (3) written corroboration of negligence by a medical expert[.]" Largie, 913 So. 2d at 638. The corroborative medical opinion "assures the Defendant[], and the court, that a medical expert has determined that there is justification for the Plaintiffs' claim, i.e., that it is not a frivolous medical malpractice claim." Kukral, 679 So. 2d at 282 (emphasis omitted).

Under the Medical Malpractice Act, Hermoso was required to conduct a pre-suit investigation sufficient to ascertain reasonable grounds for her claim and to corroborate those grounds with a verified written medical expert opinion before issuing her notice of intent. See § 766.203(2), Fla. Stat. She failed to do so. Her notice of intent was premised on the negligent placement of the implants above the muscle and the failure to provide proper post-

7

operative care to address the vascular compromise resulting from that misplacement.

Hermoso's own testimony, however, established the implants were properly placed beneath the muscle. Dr. Altman, who removed the implants, confirmed they had been placed beneath the muscle prior to removal. Based on this, there can be no reasonable grounds to support the allegations of improper placement or the vascular compromise resulting from such misplacement. While requiring an expert opinion as part of the pre-suit investigation assures the defendant and the court that the claim was preceded by a reasonable investigation, Dr. Glat's affidavit completely fails to satisfy that purpose.[2] Because Hermoso's notice of intent to litigate failed to comply with the statutory requirement of a reasonable pre-suit investigation, we find the trial court properly dismissed her second amended complaint with prejudice. See Largie, 913 So. 2d at 638-39 ("Chapter 766 of the Florida Statutes sets out a complex presuit investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court . . . The first step in implementing this policy

---

[2] It shocks the conscience that a medical expert, under oath and penalty of perjury, would assure the court there was justification for the plaintiff's claim that the surgeon improperly placed the implants above the muscle when both the plaintiff and Dr. Altman testified the implants were in fact placed below the muscle.

8

requires a claimant to determine whether reasonable grounds exist to believe that someone acted negligently in the claimant's care or treatment and that this negligence caused the claimant's injury. This requires both investigation and corroboration of the results of the investigation by a verified written medical expert opinion . . . Requiring a written expert opinion as part of the presuit investigation assures the defendant that the claim was preceded by a reasonable investigation; that there is justification for the Plaintiffs' claim, i.e., *that it is not a frivolous medical malpractice* claim; and that the claim is legitimate. The expert opinion provided to [the appellee] completely fails to satisfy these purposes . . . Because the record clearly shows that the [appellants] failed to conduct a reasonable investigation . . . the legislative purpose of Chapter 766 was frustrated, mandating elimination of the claim against [the appellee] from this suit.") (internal quotation marks and citations omitted); Goldfarb v. Urciuoli, 858 So. 2d 397, 398 (Fla. 1st DCA 2003) ("[T]o allow a party to fully litigate a suit where the proper presuit requirements were not met would frustrate the purpose of the Medical Malpractice Reform Act."); § 766.206(2), Fla. Stat. ("If the court finds that the notice of intent to initiate litigation mailed by the claimant does not comply with the reasonable investigation requirements . . . including a review of the

claim and a verified written medical expert opinion by an expert witness . . .

the court shall dismiss the claim . . . .").

Affirmed.